IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL WADE HAILS,                    ) | |
|      **Plaintiff,**                    ) | |
|                                        ) | |
| v.                                     ) | CIVIL ACTION NO. 17-259-KD-N |
|                                        ) | |
| TIMOTHY TRENT DENNIS, et al.,   ) | |
|      **Defendants.**                   ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss filed by Defendants Timothy Trent Dennis and Kimberly D. Wasdin[1] (Doc. 32-33), *pro se* Plaintiff Daniel Hails' ("Plaintiff") Response (Doc. 46), and Defendants Officer Dennis and Chief Wasdin's Reply. (Doc. 48), and Defendants Michael Shawn Gaull, Lonny Shane McKinney, David Austin Jones, Matthew Warner Morrison, Robert S. Correa, Donnie Ray Payne, Michael Wayne Walker, Robert Gregory Lindell, Andre Lawrence Reid, and Nathanial Douglas Lamplugh's Motion to Dismiss[2] (Doc. 29-30), Plaintiff's Response (Doc. 36), and Defendants' Reply (Doc. 41).  These motions have been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Defendants Gaull, McKinney, Jones, Morrison, Correa, Payne, Walker, Lindell, Reid, and Lamplugh's Motion to Dismiss (Docs. 29, 32) be **GRANTED** and that all

---

[1]   Defendants Dennis and Wasdin will be referred to as Officer Dennis, Chief Wasdin, or as the Silverhill defendants.

[2] Defendants Gaull, McKinney, Jones, Morrison, Correa, Payne, Walker, Lindell, Reid, and Lamplugh will be referred to by last name or as the Baldwin County Sheriff's Office (BCSO) Defendants.

claims against these Defendants be **DISMISSED**. The undersigned further **RECOMMENDS** that the Motion to Dismiss filed by Defendant Chief Wasdin be **GRANTED**, and that all claims against her be **DISMISSED**. (Docs. 32-33). The undersigned **RECOMMENDS** that the Motion to Dismiss filed by Defendant Officer Dennis be **DENIED**, and that Plaintiff be permitted an opportunity to amend his complaint as to his claims against Defendant Officer Dennis. (Docs. 32-33).

## BACKGROUND

Plaintiff's Amended Complaint[3] (Doc. 23) raises a number of 42 U.S.C. § 1983 claims against thirteen defendants, including Officer Dennis and Chief Wasdin, who are officers from the Silverhill, Alabama Police Department, ten deputies from the Baldwin County, Alabama Police Department (Gaull, McKinney, Jones, Morrison, Correa, Payne, Walker, Lindell, Reid, and Lamplugh), and Baldwin County, Alabama Sheriff Huey Mack. All Defendants have moved to dismiss Plaintiff's claims (*See* Docs. 27, 29, and 32). This Report and Recommendation addresses only the claims against the Silverhill and BCSO defendants. (Doc. 27). The Claims against Sheriff Huey Mack will be addressed by a separate Report and Recommendation.

The Amended Complaint provides minimal detail with regard to the counts alleged, but raises claims of false arrest, false imprisonment, and malicious prosecution against Officer Dennis and Chief Wasdin, who are members of the City of Silverhill Police Department. (Doc. 23 at 8).  As best the Court can determine from the contents of the Amended Complaint, Plaintiff alleges that on June 9, 2015, Officer

---

[3] The Court ordered Plaintiff to file an amended complaint pursuant to a motion for more definitive statement. (Docs. 6-7).

Dennis responded to a call for emergency assistance that led him to Plaintiff's home, and Officer Dennis was the first officer to arrive on scene. According to Officer Dennis' statements, which Plaintiff contends are false, Officer Dennis observed Plaintiff on his front porch. Officer Dennis climbed onto Plaintiff's fence, identified himself as a police officer, and informed Plaintiff that he needed to speak with him. Plaintiff then waved at Officer Dennis, produced a rifle, and fired a shot at Officer Dennis.

After the weapon was discharged, it appears that the Officer Dennis or someone within the Silverhill Police Department called the sheriff's office to request assistance at Plaintiff's home. Soon after, members of the Baldwin County Sheriff's Department SWAT[4] team and/or deputies (the BCSO Defendants) arrived at the home and breached the gate.[5] Plaintiff was taken into custody at the scene. Later that day, a state court judge issued a warrant for Plaintiff's arrest for attempted murder. According to the BCSO Defendants' brief, "On October 11, 2016, the Circuit Court of Baldwin County, Alabama issued an order dismissing Plaintiff's criminal proceeding for want of prosecution due to the State's witness failing to appear." (Doc. 30 at 4).

Plaintiff contends that all of Officer Dennis' statements are false, but provides no alternative version of events. Plaintiff claims that as a result of these false statements he was falsely arrested, falsely imprisoned, and maliciously prosecuted by the Silverhill and BSCO Defendants.

---

[4] SWAT is an acronym for Special Weapons and Tactics.
[5] From the briefing, it appears there was a "stand off" situation but this is unclear based on the contents of the Amended Complaint.

The majority of the Amended Complaint quotes statements from police reports, and claims they are false. There are no allegations indicating what Plaintiff claims actually *did* happen. Rather, Plaintiff contends that all of Officer Dennis' statements about the events that took place at Plaintiff's home on June 9, 2015 are false. Additionally, Plaintiff claims that the BCSO Defendants and Chief Wasdin should have engaged in "due diligence" by verifying the claims made by the Officer Dennis before taking any action at Plaintiff's home.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the Plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). " 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the

complaint are true (even if doubtful in fact).' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, … the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under the plausibility standard, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show [n]"—"that the pleader is entitled to relief." ' " *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

5

"[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quotation omitted)).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ((citation and quotations omitted)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

## ANALYSIS

### A.      Capacity in Which Defendants are Being Sued

The Amended Complaint fails to specify whether suit is being brought against Defendants in their official or individual capacities. As the Court of Appeals for the Eleventh Circuit has observed:

> The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued. In general, plaintiffs have a duty to make plain who they are suing and to do so well before trial. However, plaintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both. When it is not clear in which

> capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed. Thus, while it is clearly preferable that a plaintiff state explicitly in what capacity defendants are being sued, failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.

*Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1047 (11th Cir. 2008)(internal citations and quotations omitted). Upon review of the Amended Complaint, the Court concludes that Plaintiff is suing Defendants only in their individual capacities. First, "[i]n a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities." *Young,* 529 F. 3d at 1047 (internal citations omitted). Though Plaintiff has identified Defendants by their official titles, in the "Relief" section of the Amended Complaint, Plaintiff demands punitive damages from each Defendant, indicating that he is suing them in their individual capacities. Second, all Defendants have argued that they are entitled to qualified immunity. In a § 1983 action, "[i]t is well-settled that qualified immunity only protects public officials from lawsuits brought against them in their individual capacity." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1184 n. 16 (11th Cir.1994). This defense is evidence that the Defendants believe they were being sued in their individual capacities. *See Tapley v. Collins,* 211 F.3d 1210, 1211 n. 2 (11th Cir. 2000) (treating suit as against defendants in their individual capacities where the complaint was silent but the parties briefed the issue of qualified immunity).

## B.    Qualified Immunity

All Defendants have raised the defense of qualified immunity. In *Harlow v. Fitzgerald,* the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). Later, in *Mitchell v. Forsyth* the Supreme Court reiterated that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." 472 U.S. 511, 526 (1985), citing *Harlow, supra,* 457 U.S. at 818; *see also Gonzalez v. Reno,* 325 F.3d 1228, 1233 (11th Cir. 2003) ("It is [ ] appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established constitutional right.' "). It is undisputed that the Defendants, all law enforcement officers responding to a call for assistance, were at all times relevant hereto, acting within their discretionary authority.

The United States Supreme Court "has repeatedly stressed the importance of resolving qualified immunity questions at the earliest possible stage in litigation." *Bloom v. Alvereze,* 498 F. App'x. 867, 878 (11th Cir. 2012) (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)).[6] While qualified immunity is typically addressed at

---

[6] The Court recognizes that, according to the Rules of the United State Court of Appeals for the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

summary judgment, it may be raised on a motion to dismiss and granted if the plaintiff's complaint fails to allege the violation of a clearly established constitutional right. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002); *Marsh v. Butler Cty.*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc) ("We apply the qualified immunity defense to dismiss a complaint at the 12(b)(6) stage where, (1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim—given the alleged circumstances—was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted."). "At the motion to dismiss stage in the litigation, the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined. Whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded." *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010)(internal quotations omitted)(citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1366 (11th Cir.1998).

The Supreme Court has mandated a two-step analysis for resolving qualified immunity claims. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, a court must decide whether the facts that a plaintiff has alleged "show the [defendant's] conduct violated a constitutional right." *Id.* Second, the court must decide "whether the right was clearly established." *Id.* The lower courts have discretion whether to address first the existence of a constitutional violation or the clearly established nature of the right allegedly violated. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *accord Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

9

### C.   Claims Against the Defendants

The undersigned first addresses the claims against the BCSO Defendants, recommending that the BCSO Defendants' motion to dismiss be **GRANTED** as these Defendants are entitled to qualified immunity and all claims against them are due to be dismissed. Next, the undersigned recommends that the motion to dismiss filed on behalf of the Silverhill Defendants be **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is **RECOMMENDED** that the motion to dismiss (Doc. 32) be **GRANTED** as to all claims against Defendant Chief Wasdin, **DENIED** as to all claims against Defendant Officer Dennis, and that the Plaintiff be permitted to amend his complaint as to his claims against Defendant Officer Dennis **ONLY**.

### 1.   Claims Against BCSO Defendants

Plaintiff alleges that the BCSO Defendants made false statements in offense reports and failed to use due diligence to verify that Officer Dennis' claims about Plaintiff's conduct were plausible. (*See* Doc. 23 at 9-14, generally). The Amended Complaint contains sparse facts and vague allegations but it is clear that Plaintiff is attempting to raise claims for false arrest, false imprisonment, and malicious prosecution against each BCSO defendant. (See Doc. 23 at 15-16).

### a.   False Arrest and False Imprisonment Claims

Plaintiff has raised claims of false arrest and false imprisonment against each BCSO Defendant. Plaintiff claims that Defendants violated his constitutional rights under the Fourth Amendment by unlawfully arresting and detaining him without probable cause. The BCSO Defendants argue that they did not arrest or prosecute Plaintiff. As a result, they contend that they may not be held liable for Plaintiff's

claims for false arrest/imprisonment and malicious prosecution. These Defendants also argue that even if they could be held liable, they had arguable probable cause to arrest and detain Plaintiff and are entitled to qualified immunity.

The Fourth Amendment's guarantee against unreasonable searches and seizures encompasses the right to be free from a warrantless arrest without probable cause. *See Crosby v. Monroe County,* 394 F.3d 1328, 1332 (11th Cir.2004) (citing *Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir.1990)).[7] "Probable cause is 'defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.' " *Id.* at 1332 (quoting *Gerstein v. Pugh,* 420 U.S. 103, 111 (1975)) (internal marks and citations omitted). However, for purposes of qualified immunity, a constitutional violation does not occur unless the officer made an arrest without "arguable" probable cause. *See Jones v. Cannon,* 174 F.3d 1271, 1283 (11th Cir.1999). Arguable probable cause, not actual probable cause, governs the qualified immunity inquiry. *Id.* The test for determining arguable probable cause is whether an objectively reasonable officer in the same circumstances and possessing the same knowledge as Defendants could have believed probable cause existed to arrest Plaintiff. *See Thornton v. City of Macon,* 132 F.3d 1395, 1399 (11th Cir.1998).

---

[7] A false arrest violates the proscriptions of the Fourth Amendment. *See Redd v. City of Enterprise,* 140 F.3d 1378, 1382 (11th Cir.1998) ("It is clearly established that an arrest made without probable cause violates the Fourth Amendment") (internal citation omitted). Likewise, unlawful detention is purely a Fourth Amendment claim. *See Reid v. Georgia,* 448 U.S. 438, 440 (1980) ("[A]ny curtailment of a person's liberty by the police must be supported at least by a reasonable and articulable suspicion that the person seized is engaged in criminal activity.").

Plaintiff does not identify which BCSO defendant or defendants arrested him, but claims that at least one of the BCSO Defendants did participate in his arrest. (Doc. 36 at 2). Though the BCSO Defendants have argued that they did not participate in Plaintiff's arrest, for purposes of the motion to dismiss, the Court assumes without finding, that the BCSO Defendants arrested Hails. Assuming the BCSO Defendants did arrest Plaintiff, they are entitled to qualified immunity as to his false arrest and imprisonment claims based on the presence of arguable probable cause to do so. (Doc. 30 at 9-10).

The BCSO Defendants have responded, and Plaintiff has not disputed, that they arrived at Plaintiff's home in response to a call for assistance from a police officer from the Town of Silverhill, Alabama. (Doc. 30 at 1). When the BCSO Defendants arrived at the home, they had been told that Plaintiff had fired a weapon at a Silverhill police officer and that he was refusing to exit his home. (*Id*. at 9-10). While Plaintiff claims that Officer Dennis' allegation that Plaintiff fired at him is false, he has not disputed this was the information provided to the BCSO Defendants prior to Plaintiff's arrest.

For purposes of determining whether arguable probable cause existed, the Court has considered what was known to the BCSO Defendants at the time of Plaintiff's arrest. That is, Plaintiff had fired a weapon at a law enforcement officer and that he refused to exit his home. This information was relayed to the BCSO Defendants by another law enforcement officer. (Doc. 30 at 9-10). Plaintiff claims that the BCSO Defendants should have verified this information before acting upon it. (Doc. 23, generally). However, Plaintiff's only allegation is that Officer Dennis' statements about his conduct (*i.e.* firing a gun at Officer Dennis) were false. Plaintiff has not made any allegation that the BSCO

Defendants has any reason to doubt Officer Dennis' statements about Plaintiff's conduct. Based on the contents of the Amended Complaint, the BCSO Defendants acted reasonably in relying on the statements of another law enforcement officer under the circumstances presented here. *See Burnett v. Unified Gov't of Athens-Clarke Cty., Ga.*, 395 F. App'x. 567, 569 (11th Cir. 2010) (internal quotations, alterations, and citations omitted)("Even though Officers Guest and Simpson did not personally observe what Officer Wright witnessed, they reasonably relied on the information that Wright provided about the suspected racing offense. Probable cause exists where the facts and circumstances within the collective knowledge of law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed."); *See also Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 735 (11th Cir.2010) ("If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply.").

Based on the circumstances as they were known to the BCSO Defendants at the time, the BCSO Defendants, had at least arguable probable cause to arrest Plaintiff or to assist with his arrest. Thus, they are entitled to qualified immunity on the false arrest and false imprisonment claims. [8]  Accordingly, the undersigned **RECOMMENDS** that the BCSO's Motion to Dismiss be **GRANTED** and that the false arrest and false imprisonment claims against Defendants Gaull, McKinney, Jones, Morrison, Correa, Payne, Walker, Lindell, Reid, and Lamplugh be **DISMISSED**. (Docs. 29, 32).

---

[8] As with Plaintiff's false arrest claims, arguable probable cause also serves as a bar to a § 1983 claim for false imprisonment. *See German v. Sosa*, 399 F. App'x. 554, 556 (11th Cir. 2010) (applying arguable probable cause bar to plaintiff's "false arrest/false imprisonment claims").

### b.   Malicious Prosecution Claims Against the BCSO Defendants

To prove a § 1983 malicious prosecution claim, a plaintiff must establish (1) a federal Fourth Amendment violation, and (2) the elements of the common law tort of malicious prosecution. *Holland v. City of Auburn, Alabama*, 657 Fed.Appx. 899, 902 (11th Cir. 2016) (citing *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir. 2003)). To establish malicious prosecution, a plaintiff must show:

> "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." [*Wood*, 323 F.3d at 882]; *see Grider v. City of Auburn,* 618 F.3d 1240, 1256 (11th Cir. 2010) (noting that Alabama law for malicious prosecution is the same except that it requires only a "judicial proceeding" not a "criminal prosecution").

*Holland,* 657 F. App'x. at 902. Defendants argue that they did not institute or continue Plaintiff's prosecution. (Doc. 30 at 8-9). In his reply, Plaintiff admits that the BCSO Defendants' statement that "[t]he Baldwin County deputy sheriffs did not prosecute the Plaintiff is true." (Doc. 36 at 2, ¶ 8). As the BCSO Defendants did not institute or continue Plaintiff's prosecution, the undersigned finds that the Amended Complaint fails to state a claim for malicious prosecution against the Baldwin County Defendants, and that all malicious prosecution claims against all BCSO Defendants are due to be **DISMISSED**.[9]

---

[9] These claims also fails as there is no allegation that the BCSO Defendants acted maliciously.

## 2. Silverhill Defendants

The Amended Complaint also makes claims for false arrest, false imprisonment, and malicious prosecution against two members of the City of Silverhill Police Department: Officer Dennis and Chief Wasdin. (Doc. 23 at 8). Officer Dennis was the first officer to arrive at Plaintiff's residence on June 9, 2015. Per Chief Wasdin, she is the Silverhill Police Department Chief of Police, and was acting in a supervisory capacity on June 9, 2015. (Doc. 48 at 2). Plaintiff has not disputed these facts.

### a. Claims Against Chief Wasdin

Plaintiff's allegations against Chief Wasdin are:

11. Defendant #2 (Kimberly D. Wasdin) Failed to use due diligence to verify that Defendant #1['s] claims were plausible.

12. Defendant #2 (Kimberly D. Wasdin) Allowed the Plaintiff to be raided by the SWAT Team.

13. Defendant #2 (Kimberly D. Wasdin) Allowed the Plaintiff to be arrested.

14. Defendant #2 (Kimberly D. Wasdin) Allowed the Plaintiff to be jailed.

15. Defendant #2 (Kimberly D. Wasdin) Allowed the Plaintiff to be maliciously prosecuted.

16.Wherefore Plaintiff demands judg[]ment for money damages against Defendant #2, together with such other and further relief as the Jury may deem reasonable and just under the circumstances.

(Doc. 23 at 8).

"Supervisory officials are not liable under section 1983 on the basis of *respondeat superior* or vicarious liability." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390,

1396 (11th Cir. 1994) (quotation omitted). Under § 1983, liability attaches to a supervisor only if the supervisor personally participated in the events, or if there is a causal connection between the action of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone v. Jenne*, 326 F.3d 1352, 1360–61 (11th Cir. 2003)(internal quotations and citations omitted).

The Amended Complaint does not allege that Chief Wasdin personally participated in or was present when Plaintiff was arrested. Rather, Plaintiff's claims against her rise out of her role as Officer Dennis' supervisor, as Plaintiff alleges she "allowed" Plaintiff to be arrested, jailed, and maliciously prosecuted. Thus, in order for Chief Wasdin to be held liable for any alleged violations, Plaintiff must allege that there is "a causal connection between the action of the supervising official and the alleged constitutional deprivation." *Brown*, 906 F.2d 667, 671. Chief Wasdin is not the Baldwin County Sheriff or a supervisor within the Baldwin County Sheriff's Department. As Chief of Police for Silverhill, Alabama, Chief Wasdin has no supervisory authority over the BCSO Defendants, and any allegations pertaining to her supervision relate only to her supervision of Officer Dennis.

There are three ways the required causal connection may be shown. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). First, a causal connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Braddy v. Fla. Dep't of Labor and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). To be sufficient

16

to notify the supervising official, these deprivations must be "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Next, the causal connection can be established "when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights." *Cottone*, 326 F.3d at 1360-61.   To demonstrate either a policy or custom, the plaintiff must show "a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). Finally, the causal connection can be established "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone,* 326 F.3d at 1360.  *See also Gonzalez v. Reno*, 325 F.3d 1228, 1236 (11th Cir. 2003) ("Because plaintiffs have failed to allege that the supervisory defendants' conduct constituted a constitutional violation, the supervisory defendants are entitled to qualified immunity under the first step in our qualified immunity analysis.").

Plaintiff has failed to allege any facts showing a causal connection by any of the three methods listed above. The Amended Complaint makes no suggestion of a history of widespread abuse, or a custom or policy resulting in deliberate indifference. Further, the Amended Complaint lacks any facts supporting an inference that Chief Wasdin directed Officer Dennis or anyone else to act unlawfully, or that she knew Officer Dennis would act unlawfully but failed to stop him from doing so. Thus, Chief Wasdin, as Officer Dennis's supervisor, may not be held liable under § 1983 based on the allegations contained in the Amended Complaint and the undersigned **RECOMMENDS** that the Silverhill Defendants' motion to dismiss (Doc. 32) be

17

**GRANTED** with regard to the claims against Chief Wasdin and that all claims against her be **DISMISSED**.[10]

### b.    Officer Timothy Dennis

The sum total of the allegations made against Officer Dennis are as follows:

1. Defendant #1 (Timothy Trent Dennis) Fabricated A False Arrest Report on 6/09/15. "through the privacy fence I could see a subject sitting on his front porch" This statement is False.

2. Defendant #1 (Timothy Trent Dennis) stated "I then climbed up on the fence and identified myself as a police officer and that I needed to speak with him" This statement is False.

3. Defendant #1 (Timothy Trent Dennis) stated "he waived at me in acknowledgement" This statement is False.

4. Defendant #1 (Timothy Trent Dennis) stated "The subject then produced a rifle, aimed at me, and fired a shot towards me" This statement is False.

5. As a proximate result, a swat team was deployed to my residence.

6. As a result of his fabricated statements a swat team breached the gate to my property.

7. As a result, I was falsely arrested.

8. As a result, I was falsely imprisoned.

9. As a result, I was maliciously prosecuted.

10.Wherefore Plaintiff demands judg[]ment for money damages against Defendant #1, together with such other and further relief as the Jury may deem reasonable and just under the circumstances.

(Doc. 23 at 8). Plaintiff cites 42 U.S.C. § 1983 as the basis for his claim against all

---

[10] The motion to dismiss argued for dismissal only on the basis of Plaintiff's failure to identify the specific constitutional right he alleges has been violated. (Docs. 32-33). However, in Chief Wasdin's reply to Plaintiff's response, she raised the issue of supervisory liability.  (Doc. 48).

Defendants. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (plurality opinion)(quoting *Baker v. McCollan,* 443 U.S. 137, 144, n.3 (1979). Thus, to plead a plausible claim, the first step for any plaintiff is to identify the specific constitutional right allegedly violated. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

> As grounds for dismissal, Officer Dennis argues the following:

> In his Amended Complaint, the Plaintiff fails to identify any particular constitutional right that has been violated by Dennis or Wasdin. He states only that "42 U.S. Code, Section 1983" is at issue in this case on the pro se complaint form. (Doc. 23, p. 6). He makes no additional reference to § 1983 in the portion of his complaint asserting claims against the defendants nor does he reference any constitutional right. Pursuant to *Zatler* [v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986)], because the Plaintiff has failed to identify a specific constitutional right that has been violated, he is also unable to establish a causal connection between the defendants' actions and the alleged deprivation. Plaintiff's claims are due to be dismissed.

(Doc. 33 at 5-6).

While the Amended Complaint does not contain a specific reference to a constitutional amendment, Plaintiff's claims against Officer Dennis are for false arrest, false imprisonment, and malicious prosecution, which implicate Plaintiff's Fourth Amendment rights. Further, as plaintiff is proceeding *pro se*, his pleadings must be construed liberally, and as detailed below, the undersigned has recommended that Plaintiff shall be permitted to amend his complaint with regard to the allegations against Officer Dennis.

Plaintiff alleges that as a result Officer Dennis' false statements regarding Plaintiff's actions, Plaintiff was falsely arrested, falsely prosecuted, and maliciously

prosecuted. As this stage, the Court must accept Plaintiff's allegations as true. Though a warrant for Plaintiff's arrest was issued after he was taken into custody at his home, he claims that Officer Dennis' statements contained in the affidavit in support of the warrant were false.

Plaintiff's allegations that Officer Dennis made false statements upon which a probable cause determination was made, may present a plausible claim for relief under § 1983. "[W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing." [*Franks v. Delaware,* 438 U.S. 154, 164–65, 98 S.Ct. 2674, 2674, 57 L.Ed.2d 667 (1978) (emphasis in original)]. While this condition does not dictate that the statements be objectively accurate, it does require that they "be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* at 165, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. Thus, a police officer may be held liable under 42 U.S.C. § 1983 for submitting an application for an arrest warrant that contains false information. *See Malley v. Briggs,* 475 U.S. 335, 346 (1986). *See also Holmes v. Kucynda,* 321 F.3d 1069, 1083 (11th Cir.2003) (Finding that officer was not entitled to qualified immunity because he relied on statements he knew were false in order to obtain an arrest warrant. An officer "may be held liable under 42 U.S.C. § 1983 for submitting an application for an arrest warrant that contains false information.").

Plaintiff's Amended Complaint is deficient, as it contains vague and conclusory allegations against Officer Dennis for false arrest, false imprisonment, and malicious prosecution. However, before an action is dismissed with prejudice for failure to state

a claim, a *pro se* plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim. *Jemison v. Mitchell*, 380 F. App'x. 904, 907 (11th Cir. 2010) (per curiam) (unpublished) (emphasis added) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled parties).[11]Therefore, it is **RECOMMENDED** that Plaintiff be given an opportunity to amend **ONLY** his claims against Defendant Officer Dennis in order to have the opportunity to replead his claims for § 1983 false arrest, false imprisonment, and malicious prosecution claims against Defendant Officer Dennis.[12]

## **CONCLUSION**

As detailed above, the undersigned **RECOMMENDS** that Defendants Gaull, McKinney, Jones, Morrison, Correa, Payne, Walker, Lindell, Reid, and Lamplugh's Motion to Dismiss (Docs. 29, 32) be **GRANTED** and that all claims against these Defendants be **DISMISSED**. The undersigned further **RECOMMENDS** that the Motion to Dismiss filed by Defendant Chief Wasdin be **GRANTED**, and that all claims against her be **DISMISSED**. (Docs. 32-33). The undersigned **RECOMMENDS** that the Motion to Dismiss filed by Defendant Officer Dennis be

---

[11] Though Plaintiff has been permitted to amend his complaint once already, amendment was pursuant to a motion for more definite statement rather than a motion to dismiss.
[12] Plaintiff is forewarned that his Second Amended Complaint must comply with the above analysis, the failure of which may result in the future dismissal of his claims.

**DENIED**, and that Plaintiff be permitted an opportunity to amend his complaint **ONLY** as to his claims against Defendant Officer Dennis. (Docs. 32-33).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **14th** day of **February 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**