IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL WADE HAILS, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY TRENT DENNIS, et al., )<br>   Defendants. ) | CIVIL ACTION NO. 17-259-KD-N |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Baldwin County, Alabama Sheriff Huey "Hoss" Mack's ("Sheriff Mack") Motion to Dismiss (Doc. 27), *Pro se* Plaintiff Daniel Hails' ("Plaintiff") Response (Doc. 37), and Sheriff Mack's Reply (Doc. 40). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Sheriff Mack's Motion to Dismiss (Doc. 27) be **GRANTED**.

## BACKGROUND

Plaintiff's Amended Complaint[1] (Doc. 23) raises a number of 42 U.S.C. § 1983 claims against thirteen defendants, including two police officers from the Silverhill, Alabama Police Department, ten deputies from the Baldwin County, Alabama Police Department, and Sheriff Mack. All Defendants have moved to dismiss Plaintiff's claims (*See* Docs. 27, 29, and 32).[2]

---

[1] The Court ordered Plaintiff to file an amended complaint pursuant to Defendants' motion for more definitive statement. (Docs. 6-7).
[2] The undersigned has issued a separate Report and Recommendation addressing the motions to dismiss filed by the other defendants. (Doc. 57).

1

The Amended Complaint contains numerous allegations against the twelve other defendants, including 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and malicious prosecution. However, Plaintiff makes only one allegation against Sheriff Mack, and has provided little information with regard to that allegation. Specifically, Plaintiff alleges that Sheriff Mack "arbitrarily deni[ed] [his] pistol renewal based upon a [f]alse charge and arrest with no conviction." (Doc. 23 at 13, ¶ 81).[3] Though not specific as such in the Amended Complaint, from the briefing it appears Plaintiff has attempted to raise a Fourteenth Amendment procedural due process claim against Sheriff Mack.

Sheriff Mack has moved to dismiss Plaintiff's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing, in sum, that: 1) Plaintiff has failed to allege an actionable wrong against him under § 1983; 2) that he is entitled to qualified immunity; and 3) that the Amended Complaint fails to identify a substantive source the alleged violation of rights. (Doc. 28).

## STANDARD OF REVIEW

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint drawing all reasonable inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is

---

[3] A "pistol renewal" or "pistol permit" as referenced herein pertains to the issuance of a concealed-carry pistol permit, which permits an individual to carry a pistol in his or her vehicle or concealed on his or her person. Ala. Code. § 13A-11-75.

insufficient. *Ashcroft v. Iqbal,* 556 U.S 662, 678 (2009) (quoting Twombly, 550 U.S. at 555; *accord Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). Further, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This so-called "plausibility standard" is not akin to a probability requirement; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id.*

## ANALYSIS

Plaintiff cites 42 U.S.C. § 1983 as the basis for his claim against Sheriff Mack. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (plurality opinion)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). Thus, to plead a plausible claim, the first step for any plaintiff is to identify the specific constitutional right allegedly violated. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Sheriff Mack argues that the Amended Complaint fails to identify the specific constitutional right Plaintiff alleges was violated. (Doc. 28 at 7). The undersigned agrees and finds that Plaintiff has failed to properly plead a plausible claim as a result. *Id.* Often, a *pro se* plaintiff is permitted an opportunity to amend his complaint when it fails to state a claim. However, for the reasons discussed herein, even if Plaintiff were permitted another opportunity to amend his complaint with

3

regard to his allegation against Sheriff Mack, the claim would still fail, as it is not cognizable under § 1983.

Plaintiff's only claim against Sheriff Mack is based on his allegation that Sheriff Mack "arbitrarily deni[ed] [his] pistol renewal based upon a [f]alse charge and arrest with no conviction." (Doc. 23 at 13, ¶ 81). Pursuant to Ala. Code § 13A-11-75(a)(1)(a)-(c):

> The sheriff of a county, upon the application of any person residing in that county, within 30 days from receipt of a complete application and accompanying fee, shall issue or renew a permit for such person to carry a pistol in a vehicle or concealed on or about his or her person within this state for one -to five-year increments, as requested by the person seeking the permit, from date of issue, unless the sheriff determines that the person is prohibited from the possession of a pistol or firearm pursuant to state or federal law, or has a reasonable suspicion that the person may use a weapon unlawfully or in such other manner that would endanger the person's self or others. In making such determination, the sheriff may consider whether the applicant:
>
>> 1. Was found guilty but mentally ill in a criminal case.
>> 2. Was found not guilty in a criminal case by reason of insanity or mental disease or defect.
>> 3. Was declared incompetent to stand trial in a criminal case.
>> 4. Asserted a defense in a criminal case of not guilty by reason of insanity or mental disease or defect.
>> 5. Was found not guilty only by reason of lack of mental responsibility under the Uniform Code of Military Justice.
>> 6. Required involuntary inpatient treatment in a psychiatric hospital or similar treatment facility.
>> 7. Required involuntary outpatient treatment in a psychiatric hospital or similar treatment facility based on a finding that the person is an imminent danger to himself or herself or to others.
>> 8. Required involuntary commitment to a psychiatric hospital or similar treatment facility for any reason, including drug use.
>> 9. Is or was the subject of a prosecution or of a commitment or incompetency proceeding that could lead to a prohibition

4

> on the receipt or possession of a firearm under the laws of Alabama or the United States.
> 10. Falsified any portion of the permit application.
> 11. Caused justifiable concern for public safety.
>
> b. The sheriff shall take into account how recent any consideration under paragraph a. is in relation to the date of the application. The sheriff shall provide a written statement of the reasons for a denial of a permit and the evidence upon which it is based must be disclosed to the applicant, unless disclosure would interfere with a criminal investigation.
>
> c. Except as otherwise provided by the laws of this state, a permit issued under this subdivision is valid throughout the state, and a sheriff may not place conditions or requirements on the issuance of the permit or limit its scope or applicability.

Ala. Code § 13A-11-75(a)(1)(a)-(c). In *Fullman v. Graddick*, the Court of Appeals for the Eleventh Circuit addressed whether an Alabama sheriff's denial of a pistol permit was a cognizable claim pursuant to § 1983. 739 F. 2d 553 (11th Cir. 1984). "The two elements required for success in stating a [§ 1983](#) claim are (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id*. at 561 (internal citation omitted). The Court of Appeals held that the district court "properly concluded that the second element is absent…because plaintiff has no property right in the denial of a pistol permit. Alabama gives county sheriffs the discretion to issue or deny a pistol license, Ala. Code § 13–6–155 (1975). *No § 1983 cause of action exists for the exercise of this discretion in favor of denial of the permit absent some constitutionally impermissible consideration. None is alleged here.*" *Id*. (internal citation omitted, emphasis added).

5

Plaintiff alleges that Sheriff Mack denied the pistol permit "based upon a false charge and arrest with no conviction," and that a 2013 revision of Ala. Code § 13A-11-75 renders *Fullman* inapplicable, because the sheriff's discretion has been limited. (Docs. 23 at 13 and 37 at 1). Based on this, Plaintiff contends has a property right in the denial of his pistol permit and that he has presented a cognizable § 1983 claim. (*Id.*, generally).

As Sheriff Mack acknowledges, "Plaintiff's response correctly points out that the language in the current pistol permitting statute, Ala. Code § 13A-11-75, differs from the language in the former pistol permitting statute, Ala. Code § 13-6-155, which was discussed" in *Fullman*. (Doc. 40 at 1). Pursuant to the 2013 revision of § 13A-11-75, Alabama became what is commonly referred to as a "shall issue" jurisdiction with regard to weapons permits. Prior to 2013, Alabama was a "may issue" state.[4] While the transition from "may issue" language to "shall issue" language may have lessened an Alabama sheriff's discretion, it did not *remove* it. (*See* Doc. 40 for statutory history). As Defendant explains:

> While no court has yet issued an opinion regarding sheriff's discretion under the most resent version of § 13A-11-75, the Alabama Attorney General has determined that discretion is still present. "A sheriff may deny a pistol permit application if the sheriff has a reasonable suspicion that the applicant may use a weapon unlawfully or in such other manner that would endanger the applicant's self or others. In making this determination, a sheriff may consider the factors set forth in section

---

[4] "The Government Accountability Office has characterized 'may-issue' states as ones where the 'state applies discretion in granting permits to carry concealed handguns.' *Gun Control: States' Laws and Requirements for Concealed Carry Permits Vary Across the Nation*, U.S. Government Accountability Office, Report to Congressional Requesters, GAO-12-717, at 5 (July 2012) (http://www.gao.gov/assets/600/592552.pdf). By contrast, the Government Accountability Office characterizes 'shall-issue' states as those where the '[i]ssuing authorities are required to issue a permit to an applicant that fulfills the objective statutory criteria if no statutory reason for denial exists.' *Id.*" *See Wrenn v. D.C.,* 167 F. Supp. 3d 86, 95 (D.D.C. 2016), *vacated,* 864 F.3d 650 (D.C. Cir. 2017).

6

13A-11-75 of the Code of Alabama." Honorable D.T. Marshall, Ala. Op. Att'y Gen. No. 2014-049 (Mar. 14, 2014).

(Doc. 40 at 5). The Court has conducted its own research regarding opinions interpreting Ala. Code § 13A-11-75 and reached the same conclusion. Some of the reasons a sheriff shall deny a permit, as set forth in Ala. Code § 13A-11-75, require the exercise of discretion. Examples include determinations whether the applicant is a danger to himself or others and whether an applicant caused justifiable concern for public safety. *See* Ala. Code § 13A-11-75.

Plaintiff alleges that Sheriff Mack denied the pistol permit "based upon a false charge and arrest with no conviction." Even if Sheriff Mack relied upon erroneous information, Plaintiff has failed to allege that the denial was based on "some constitutionally impermissible consideration[,]" such as race or religion. *Fullman*, 739 F. 2d at 561. As a determination of eligibility for a pistol permit still permits the exercise of discretion, pursuant to the *Fullman* decision, Plaintiff has failed state a claim.[5]

---

[5]   The Court is mindful of the Eleventh Circuit's holdings regarding amendment of *pro se* complaints. *See e.g. Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice….Dismissal with prejudice is proper….if a more carefully drafted complaint could not state a valid claim.") (internal citations omitted). Had Plaintiff failed to allege the grounds upon which he claims Sheriff Mack denied the permit, permission of amendment for him to have the opportunity to do so may have been appropriate. Plaintiff has already amended his complaint once pursuant to this Court's Order. (Doc. 7). Even if Plaintiff were permitted another opportunity to amend his complaint with regard to his allegation against Sheriff Mack, for the reasons discussed herein, the claim would still fail as it is not cognizable under § 1983.

Even if denial of a pistol permit, subject to the 2013 language of the statute, constituted denial of a property interest, Plaintiff has still failed to state a Fourteenth Amendment due process claim against Sheriff Mack. "To successfully assert a Fourteenth Amendment procedural due process claim under § 1983, a plaintiff must establish that (1) the defendant deprived him of a liberty or property interest protected by the Constitution; (2) the deprivation occurred under color of state law, and (3) he was not provided with constitutionally adequate process to redress the harm." *Mines v. Barber*, 610 F.

Accordingly, the Court **RECOMMENDS** that Sheriff Mack's Motion to Dismiss be **GRANTED** for failure to state a claim under Rule 12(b)(6).[6]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing

---

App'x. 838, 840 (11th Cir. 2015) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiff has not pled the third element.

    Sheriff Mack has attached the records from Plaintiff's state court proceedings pertaining to the appeal of the denial of his pistol permit which show that Plaintiff is currently engaged in the appeal of the denial of his application. (Doc. 23 at Exhibits A-G). Typically, a court does not consider "matters outside the pleadings" on a 12(b)(6) motion. Fed.R.Civ.P. 12(d). There is an exception to the rule, however, for public records, including judicial proceedings. *See Crooked Creek Properties, Inc. v. Ensley,* No. 2:08–CV–1002, 2009 WL 3644835, at *8 (M.D.Ala. Oct. 28, 2009) ("[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss" (quoting *In re Am. Corp. Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir.1996)). *See also Harvin v. JP Morgan Chase Bank, N.A.*, 2016 WL 9450467, at *5 (N.D. Ga. June 28, 2016), *report and recommendation adopted*, 2016 WL 9453333 (N.D. Ga. Aug. 1, 2016), *aff'd,* 696 F. App'x. 987 (11th Cir. 2017) (similar). The Court's review of the status of this case via the state court filing website indicates that this matter is ongoing. Plaintiff has not alleged that "he was not provided with constitutionally adequate process to redress the harm." *Mines* 610 F. App'x. at 840. Thus, he has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

[6]     Because Plaintiff fails to state a claim, the Court need not address Defendant's qualified immunity arguments.

to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **February 2018**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**