IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL WADE HAILS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:17-00259-KD-N |
| | ) | |
| TIMOTHY TRENT DENNIS, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the court on Defendant Timothy Trent Dennis' Motion to Strike or in the Alternative Motion to Reopen Discovery for a Limited Purpose (Docs. 130, 131). Defendant's Motion to Reopen Discovery is **DENIED**. See <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u> at 8 (5/13/2019).[1] It is **ORDERED** that the Final Pretrial Conference, setting (and all related deadlines) remains scheduled for **December 18, 2019** at **4:00 p.m.** Defendant's Motion to Strike will be carried to the Final Pretrial Conference.

**DONE** and **ORDERED** this the **5th** day of **December 2019.**

        **/s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] https://www.alsd.uscourts.gov/attorney-information. Southern District Discovery Practice includes in part, the following:
> The parties may conduct discovery (primarily taking depositions) by agreement after the discovery cut-off; however, lawyers should be aware that if problems arise during such depositions (such as instructions not to answer questions or failure to produce documents at a deposition), the Court may refuse involvement because the depositions are being taken after the discovery cut-off and without the Court's permission. However, parties who agree to engage in discovery after the cut-off should do so in good faith and not use the passing of the cut-off as an excuse for obstructive behavior.